UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80145-CIV-MARRA

TRIPLE D PRODUCTIONS, LLC,
a Florida limited liability company,

    Plaintiff,

vs.

THE CITY OF WEST PALM BEACH, an
incorporated Municipality of the State of Florida,
and PALM BEACH COUNTY, a political
subdivision of the State of Florida,

    Defendant.
_____/

**OPINION AND ORDER**

    This cause is before the Court upon Plaintiff Triple D Productions, LLC's Motion for Remand to State Court (DE 9). Defendant responded. (DE 10). Plaintiff replied. (DE 12). The Court has reviewed the briefs and the record and is otherwise advised in the premises.

**I. Background**

    Plaintiff Triple D Productions ("Triple D") initiated this action in state court in May of 2010. On November 8, 2012, Triple D moved for leave to file a third amended complaint raising federal causes of action for the first time. A copy of the proposed third amended complaint, which was unsigned, was attached to the motion. The state court granted Triple D's motion on January 8, 2013 and entered an order deeming the complaint filed as of that day. (DE 9, Attach. 1). Defendant City of West Palm Beach ("West Palm Beach") removed the case to this Court on February 8, 2013—thirty-one (31) days after the state court order.

    Triple D moves to remand this action under 28 U.S.C. §§ 1446(b)(1) & (3), which provide,

in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. . . . [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed *within 30 days* after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

(Emphasis added). In other words, Triple D argues that West Palm Beach's removal was untimely because it occurred thirty-one (31) days after the third amended complaint was deemed filed—and thirty-one (31) days is one day outside of § 1446(b)'s thirty (30) day window for removal. West Palm Beach responds by arguing that removal was timely because the proposed third amended complaint was not signed, in violation of the Florida Rules of Civil Procedure and the Florida Rules of Judicial Administration; thus, the argument goes, West Palm Beach was not properly "served," so the time period for removal never began to run. Consequently, West Palm Beach agrees that this action should be remanded but maintains that the action will be properly removable once Triple D corrects the allegedly deficient third amended complaint. In the interests of judicial economy, however, West Palm Beach requests that the Court proceed without the formality of a remand followed by inevitable removal.

## II. Legal Standard

"The rule of construing removal statutes strictly and resolving doubts in favor of remand is well-established." *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–29 (11th Cir.2006) (citing *Syngenta Crop Prot. Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); and *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)). "[A]ll

doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411(11th Cir. 1999). "A removing defendant," in this case West Palm Beach, "bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir.2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir.2001)).

**III. Analysis**

The Court has little trouble concluding that removal was untimely in this case.  First, Rule of Judicial Administration 2.515(a), upon which West Palm Beach relies, does not render the unsigned amended complaint ineffective. Rather, the rule expressly provides "[i]f a pleading is not signed . . . it *may be stricken* and the action may proceed as though the pleading . . . had not been served." (emphasis added).   The pleading was not stricken by the state court judge., nor is there any evidence in the record that West Palm Beach sought that relief.  Rather, the state court judge deemed the amended complaint filed as of the date Plaintiff was granted leave to amend. Thus, the state court judge's action disregarded any defect resulting from the absence of a signature on the pleading, consistent with Fla. R. Civ. P. 1.190(e)("At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.").

Second, if West Palm Beach truly believed the amended complaint had not been properly filed and its time to remove had not begun to run, there was no legal basis to remove the case since West Palm Beach had not received "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. §§ 1446(b)(1) & (3).

When the state court judge granted Triple D's motion for leave to amend and deemed the third amended complaint filed, the clock on removal began to run. West Palm Beach allowed that time to expire. *See, e.g.*, *S.M. v. Jones*, 794 F. Supp. 638, 640 (W.D. Tex. 1992) (finding a notice of removal untimely because it was filed 31 days after the removal clock began to run).

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff Triple D's Motion for Remand to State Court (DE 9) is **GRANTED.** This case is **REMANDED** to state court. The Clerk is directed to transfer this case back to the Circuit Court of the Fifteenth Judicial District of Florida. This case is **CLOSED.** The Court awards reasonable attorney's fees and costs incurred remanding this matter to state court in favor of Triple D and against West Palm Beach under 28 U.S.C. § 1447(c).

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of May, 2013.

_____
KENNETH A. MARRA
United States District Judge